1  BRIAN S. LEE (Bar No. 233062)
   TIANA SEYMORE (Bar No. 299189)
2  MARION'S INN LLP
   1611 Telegraph Ave., Ste. 707
3  Oakland, CA 94612
   Phone: (510) 451-6770
4  Facsimile: (510) 451-1711
   Email: bl@marionsinn.com
5         tseymore@marionsinn.comm

6  Attorneys for Defendant
   Kaiser Foundation Health Plan, Inc.
7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | JAMES M. CLIFFORD and MARGARET CLIFFORD, | ) Case No.: 4:17-cv-00658 |
12 | Plaintiffs, | ) Marin County Superior Court Case No. CIV1604502 __ |
13 | vs. | ) **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION JURISDICTION)** |
14 | KAISER FOUNDATION HEALTH PLAN, INC., and DOES 1 through 21, | |
15 | | ) Complaint Filed: December 16, 2016 |
16 | Defendants. | |

**NOTICE OF REMOVAL**
**Case No. 4:17-cv-00658**

**TO THE JUDGES OF THE UNITED STATES DISTRICT FOURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant KAISER FOUNDATION HEALTH PLAN, INC. hereby remove this action from California Superior Court for the County of Marin to the United Stated District Court for the Northern District of California. This notice of removal alleges federal question jurisdiction on the following grounds:

# I. INTRODUCTION

1. On December 16, 2016, plaintiffs JAMES M. CLIFFORD and MARGARET CLIFFORD, filed a civil action in the Superior Court of California, County of Marin, Case No. CIV1604502 ("state court action"). The state court action is entitled: *James M. Clifford and Margaret Clifford v. Kaiser Foundation Health Plan, Inc., and DOES 1-21*. The case has been assigned to the Honorable Roy O. Chernus (Courtroom B) for all purposes. A copy of the Complaint for Damages is attached as **Exhibit A**.

2. Defendant Kaiser Foundation Health Plan was served on January 10, 2017. A Case Management Conference is scheduled for May 5, 2017 in Courtroom B. No further proceedings are pending at this time. A copy of the summons is attached as **Exhibit B**. A copy of the other papers that were served – notice of case management conference (civil) and alternative dispute resolution informational notice is attached as **Exhibit C**.

3. Kaiser Foundation Health Plan is the only defendant in this action.

4. The Complaint alleges the following causes of action: (1) Breach of Statutory Duties, including violations of 15 U.S.C. § 1629(e)(9), 15 U.S.C. § 1629(e)(10) (incorrectly listed as 11 U.S. Code § 16929(e)(9) and 11 U.S. Code § 16929(e)(10)) and Cal. Civ. Code § 1785.25(a)(incorrectly cited as California Code of Civil Procedure § 1785.25); (2) Negligence Per Se; (3) Intentional Breach of Statutory Duty; (4) Breach of Implied Contract; (5) Declaratory Relief.

5. The Complaint alleges as follows: Plaintiffs incurred more than $5000 in expenses when Plaintiffs' twin children were delivered at a Kaiser Hospital. (Exh. A, Complaint 3:2-9). A

1
NOTICE OF REMOVAL
Case No. 4:17-cv-00658

1 | balance of $414 is owing from these expenses. (*Id*. 3:6-12). Kaiser reported to the major credit reporting bureaus that Plaintiffs were more than 30 days late in paying the $414 balance. (*Id*. 3:12-15).

6. In support of each of their claims, Plaintiffs allege that they disputed that the $414 balance was owing and that Kaiser failed to report to the credit reporting bureaus that this was a disputed claim. (*Id*. 3:10-15). Plaintiffs allege that Kaiser continues to make false reports about plaintiffs' disputed claim to the credit reporting bureaus. (*Id*. 3:15-16).

7. Plaintiffs further allege that as a result of the reports to the credit reporting bureaus, plaintiffs have sustained declines in their creditworthiness. (*Id*. 3:17-23).

8. This Notice of Removal is timely filed since it is being filed within 30 days of the date of service as required by 28 U.S.C.§ 1446(b).

9. Jurisdiction. A civil action filed in state court may be removed to federal court if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). This action may be removed because the Court has federal question subject matter jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper within the Northern District of California under 15 U.S.C. § 1692k(d) in that this action is presently pending in the Superior Court of the State of California, County of Marin, which is within the venue of the United States District Court for the Northern District of California.

## II.  GROUNDS FOR REMOVAL – FEDERAL QUESTION

10. Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant" to federal court. 28 U.S.C. § 1441(a). District courts have original jurisdiction if the case presents a "federal question" or if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

11. The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, provides for federal jurisdiction if one or all of Plaintiff's claims against a defendant are for alleged

1  violation of the provisions of the FDCA. Congress intended for such claims to be tried in federal
2  courts.

3      12.    State statutory causes of action filed in state court for alleged violation of FDCA are
4  removable to federal court under 28 U.S.C. § 1441(b). Three out of Plaintiffs' five causes of action
5  are for alleged violation of FDCA[1] and related to alleged violation of consumer protections statute
6  targeted to protect consumers from debt collection practices. Such claims are necessarily federal in
7  character, arise under federal law, and are proper for removal to federal court under the well-
8  pleaded complaint rule for removal.

9      13.    Plaintiffs' two state law causes of action fall under the District Court's supplemental
10 jurisdiction because they are "so related to claims in the action within such original jurisdiction that
11 they form part of the same case of controversy under Article III of the United States Constitution."
12 28 U.S.C. § 1367(a).

13     14.    The District Court has original jurisdiction over the claims asserted against
14 Defendant in this action under 15 U.S.C. § 1692k(d) and Defendant may remove the action under
15 28 U.S.C. § 1441(b) in that this action is one arising under the provisions of FDCA.

16     15.    Defendant files this Notice of Removal without waiving, and specifically reserving
17 all objections and defenses which they may have under Rule 12(b) of the Federal Rules of Civil
18 Procedure and any other rules applicable to this motion.

19     16.    Intradistrict Assignment.  Assignment to the Oakland or San Francisco division of
20 this Court is appropriate because plaintiff filed the action in the Marin County Superior Court.
21 N.D. Cal. L.R. 3-2(c), (d).

22     17.    Written notice of this Notice of Removal is being immediately provided to the
23 California Superior Court, County of Marin.

---

[1] Plaintiffs mistakenly plead violations of 11 U.S. Code § 16929(e)(9) and 11 U.S. Code § 16929(e)(10). However, based on the nature of their claims, Defendant believes this is a typographical error.

1   18. Written notice of this Notice of Removal of this action is being caused to be served on counsel for Plaintiff. There are no interested parties in this action other than plaintiffs and the defendant.

19. WHEREFORE, Defendants pray that the above action now pending against them in the Superior Court of California be removed to this United States District Court for the Northern District of California.

DATED: February 9, 2017

                      MARION'S INN LLP

By: */s/ Tiana Seymore*
    TIANA SEYMORE
    Attorneys for Defendant
    Kaiser Foundation Health Plan, Inc.

4

NOTICE OF REMOVAL
Case No. 4:17-cv-00658