1  John G. Warner   (Cal. State Bar No. 046123)
2  Law Office of John G. Warner
   21 Tamal Vista Blvd., Suite 196
3  Corte Madera, CA 94925
4  Telephone: (415) 924-2640
   Facsimile: (415) 927-0608
5  Email:  warnerwest@aol.com

6  Attorney for Plaintiffs,
7  James M. Clifford and Margaret Clifford

FILED

DEC 16 2016

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: E. Chais, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MARIN

UNLIMITED CIVIL DIVISION

| | |
|---|---|
| JAMES M. CLIFFORD and MARGARET CLIFFORD, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>KAISER FOUNDATION HEATH PLAN, INC., a corporation; and DOES 1 through 21,<br><br>Defendants. | Case No. CIV 1604502<br><br>**COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION STATUTES AND FOR RELATED CAUSES OF ACTION AND FOR DECLARATORY RELIEF** |

[Text begins on Next Page]

Complaint for Violation of Consumer Protection Statutes – 1

**EXHIBIT A at 1**

Plaintiffs James M. Clifford and Margaret Clifford allege as follows:

## PARTIES TO THIS ACTION

1. Plaintiff James M. Clifford and Margaret Clifford are husband and wife who reside in Novato, Marin County, California.

2. Defendant Kaiser Foundation Health Plan, Inc. is a corporation with its principal place of business located in Oakland, California and does business under the fictitious name of Kaiser Permanente. Defendant Kaiser Foundation Health Plan, Inc. will be referred to herein as "Kaiser".

3. Plaintiffs are ignorant of the true meanings and capacities and/or potential liability of the defendants sued herein as Does 1 through 20, inclusive, and therefore plaintiffs have sued these defendants by such fictitious names. Plaintiffs will seek leave of court to amend this Complaint to allege the true names and capacities of these fictitious defendants when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitious named defendants is responsible in some manner for the occurrences alleged in this Complaint, and plaintiffs are further informed and believe that their damages as alleged in this Complaint were illegally caused by such fictitiously named defendants.

4. Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, each of the defendants sued in this Complaint, including each fictitiously named defendant, was the agent, servant and/or employee of each of the remaining defendants, and in doing the things hereinafter alleged, each defendant was acting in the scope of its authority as such agent, servant and/or employee, with the permission and consent of the remaining defendants.

/

/

/

/

Complaint for Violation of Consumer Protection Statutes – 2

**EXHIBIT A at 2**

## SUMMARY OF FACTUAL ALLEGATIONS

5.  In late December 2014, the plaintiffs' twin children were delivered at Kaiser Permanente Hospital in Marin County. After the delivery, it was determined that one of the twins needed additional care and had to remain in the hospital's neonatal intensive care unit (NICU). Because these where twins, the treating physician ordered that both twins should stay in the hospital longer than normal, along with their mother, plaintiff Margaret Clifford, until this additional care was completed. This procedure proved to be very expensive, causing the plaintiffs to incur more than $5,000 in hospital and medical expenses.

6.  These additional hospital and medical expense eventually led to a bona fide dispute between the plaintiffs and Kaiser, with Kaiser contending the plaintiffs owed Kaiser an additional sum of $414, which plaintiffs disputed. Despite this bona fide dispute, Kaiser reported to the major credit reporting bureaus, including Experian, TransUnion and Equifax, that the plaintiffs were thirty (30) days or more late in paying this $414 claim. Kaiser did not report the fact that this is a disputed claim. Through the present time, Kaiser continues to make these false reports to the credit bureaus.

7.  As a proximate result of these improper credit dispute reportings, plaintiffs, and each of them, have sustained significant impairments to their creditworthiness, including a significant drop in their credit scores, with the result that they now have difficulty obtaining loans for real property, automobiles, or other consumable products, and with the result that when they do obtain such loans or refinancing, the cost thereof is significantly greater than would be the case if the defendants had not improperly made these credit reports.

## FIRST CAUSE OF ACTION
(Breach of Statutory Duty)

8.  Plaintiffs reallege and incorporate herein below each of the allegations set forth in paragraphs 1 through 7 set forth above.

Complaint for Violation of Consumer Protection Statutes – 3

**EXHIBIT A at 3**

9. Defendants, and each of them, in making the improper credit reports to the credit bureaus, as alleged above, violated various statutes which have been enacted to protect consumers such as the plaintiffs. These statutes include, but are not limited to, 11 U.S. Code §16929(e)(9); 11 U.S. Code §16929(e)(10); and the California Code of Civil Procedure §1785.25(a).

10. As a proximate result of defendants' violations of the statutes referenced above, as well as their violations of any other relevant consumer protection statutes, plaintiffs have sustained compensatory damages and they are entitled to statutory fees, penalties, and punitive damages. The amounts of these damages and these statutory fees and penalties will be determined at time of trial.

## SECOND CAUSE OF ACTION

(Negligence Per Se)

(Breach of Statutory Duty)

11. Plaintiffs reallege and incorporate herein below each of the allegations set forth in paragraphs 1 through 10 set forth above.

12. Defendants' violations of the statutes cited above and the violations of any other consumer protection statutes that may be applicable to the facts of this case, constitute what is called negligence per se. Negligence per se means that any violations of these statutes constitutes negligence on the part of the defendants.

13. As a proximate result of defendants' violations of the statutes referenced above, as well as their violations of any other relevant consumer protection statutes, plaintiffs have sustained compensatory damages and they are entitled to statutory fees, penalties, and punitive damages. The amounts of these damages and these statutory fees and penalties will be determined at time of trial.

## THIRD CAUSE OF ACTION

(Intentional Breach of Statutory Duty)

14. Plaintiffs reallege and incorporate herein below each of the allegations set forth in paragraphs 1 through 13 set forth above.

15. The defendants' failure to correct the credit reporting errors, as alleged above, constituted intentional violation of the statutory duties alleged above.

16. As a proximate result of defendants' intentional breach of these statutory duties referenced above, as well as their violations of any other relevant consumer protection statutes, plaintiffs have sustained compensatory damages and they are entitled to statutory fees, penalties, and punitive damages. The amounts of these damages and these statutory fees and penalties will be determined at time of trial.

## FOURTH CAUSE OF ACTION

(Breach of Implied Contract)

17. Plaintiffs reallege and incorporate herein below each of the allegations set forth in paragraphs 1 through 16 set forth above.

18. Based upon the dealings between plaintiffs and the defendants, as alleged above, an implied contract arose. Under the terms of this implied contract, the defendants, and each of them, promised to report to the credit bureaus such as Experian, TransUnion, and Equifax, accurate credit information pertaining to the plaintiffs. and reasonable in their reporting of credit information.

19. Defendants breached this implied contract by making credit reports to the credit bureaus which were false, inaccurate, misleading, and/or incomplete.

20. As a proximate result of defendants' breach of the implied contracts, as alleged above, plaintiffs have sustained compensatory damages and they are entitled to statutory fees, penalties, and punitive damages. The amounts of these damages and these statutory fees and penalties will be determined at time of trial.

## FIFTH CAUSE OF ACTION

(Declaratory Relief)

21. Plaintiffs reallege and incorporate herein below each of the allegations set forth in paragraphs 1 through 20 set forth above.

22. An actual controversy has arisen and now exists between plaintiffs and the defendants concerning their respective rights and duties. Plaintiffs contend the defendants are obligated to cease publishing adverse credit information concerning the plaintiffs, and the defendants deny they have any such obligation.

23. Wherefore, plaintiffs seek a judicial determination of their respect rights and duties between plaintiffs and the defendants with respect to the validity of the underlying credit accounts and the defendants' continued publication of information that adversely affects plaintiffs' credit ratings.

24. Such determination and declaration is necessary and appropriate at this time in order that plaintiffs may ascertain their rights and duties as against defendants, and to restore their ability to obtain credit for themselves on commercially favorable terms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against each defendant as set forth below:

(a) For general and compensatory damages according to proof;

(b) For statutory fees and penalties according to proof;

(c) For punitive damages according to proof;

(d) For a declaration for rights and duties of plaintiffs and defendants with regard to the matters described in this Complaint.

(e) For cost of suit and attorney fees;

Complaint for Violation of Consumer Protection Statutes – 6

**EXHIBIT A at 6**

(f)  For such other and further relief as the Court may deem proper.

Dated: December 14, 2016

_____
John G. Warner
Attorney for Plaintiffs
James M. Clifford and Margaret Clifford

Clifford v Kaiser Complaint

Complaint for Violation of Consumer Protection Statutes – 7

**EXHIBIT A at 7**